**GENOVA BURNS LLC**
Peter F. Berk- 018592000
494 Broad Street
Newark, New Jersey 07102
Tel: (973) 533-0777
Fax: (973) 533-1112
Attorneys for Defendant, MXD Group, Inc.

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ARIEL E. FUENTES, FRANCISCO J. LOPEZ, and ANTONIO RODAS, on behalf of themselves and all other similarly situated persons, | Case No.: _____ |
| Plaintiffs, | |
| v. | **Removal From:**<br>Superior Court of New Jersey, Union County – Law Division<br>Docket No. UNN-L-962-17 |
| MXD GROUP, INC., f/k/a EXEL DIRECT, INC., JAMIE RACKET, ABC CORPS. and JANE & JOHN DOES, | |
| Defendants. | |
| YSAAC MARTE, ROMAN LOPEZ-VEGA, ALEXIS MEDINA-RIVERA, and VICTORIANO REINOSO on behalf of themselves and all other similarly situated persons, | |
| Plaintiffs, | |
| v. | |
| MXD GROUP, INC., f/k/a EXEL DIRECT, INC., JAMIE RACKETT, ABC CORPS. and JANE & JOHN DOES, | |
| Defendants. | |
| HENRY GONZALEZ, on behalf of himself and all other similarly situated | |

|  |
|---|
| persons,<br><br>                               Plaintiff,<br><br>v.<br><br>MXD GROUP, INC., f/k/a EXEL DIRECT, INC., JAMIE RACKETT, ABC CORPS. and JANE & JOHN DOES,<br><br>                               Defendants. |

TO:   United States District Court, District of New Jersey
      Clarkson S. Fisher Building & U.S. Courthouse
      402 East State Street, Room 2020
      Trenton, New Jersey 08608

      Ravi Sattiraju, Esq.
      The Sattiraju Law Firm
      116 Village Boulevard, Suite 200
      Princeton, New Jersey 08540

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendant, MXD Group, Inc. (f/k/a Exel Direct Inc.) ("MXD"), respectfully removes this case from the Superior Court of New Jersey, Law Division, Union County, New Jersey (the "State Superior Court"), to the United States District Court for the District of New Jersey. In support of this removal, MXD states as follows:

**1.   The Action.** This action arises out of three cases that have been consolidated. Plaintiffs Ysaac Marte and Ramon Lopez-Vega filed their Class Action Complaint and Jury Trial Demand, captioned *Ysaac Marte and Roman Lopez-Vega, on behalf of themselves and all other similarly situated persons v. MXD Group, Inc., f/k/a Exel Direct, Inc., Jamie Rackett, ABC Corps. and Jane & John Does, Docket*

2

*No. UNN-L-0968-17* in the Superior Court of New Jersey, Union County – Law Division on March 13, 2017. On March 27, 2017, Plaintiffs filed their First Amended Class Action Complaint and Jury Trial Demand to add Plaintiff Alexis Medina-Rivera. On January 19, 2018, Plaintiffs filed their Second Amended Class Action Complaint and Jury Trial Demand to add Plaintiff Victoriano Reinoso.

Plaintiffs Ariel E. Fuentes, Francisco J. Lopez, and Antonio Rodas filed their Class Action Complaint and Jury Trial Demand, captioned *Ariel E. Fuentes, Francisco J. Lopez and Antonio Rodas, on behalf of themselves and all other similarly situated persons v. MXD Group, Inc., f/k/a Exel Direct, Inc., Jamie Rackett, ABC Corps. and Jane & John Does, Docket No. UNN-L-0962-17* in the Superior Court of New Jersey, Union County – Law Division on March 13, 2017. Plaintiff Henry Gonzalez filed his Class Action Complaint and Jury Trial Demand, captioned *Henry Gonzalez, on behalf of himself and all other similarly situated persons v. MXD Group, Inc., f/k/a Exel Direct, Inc., Jamie Rackett, ABC Corps. and Jane & John Does, Docket No. UNN-L-0963-17* in the Superior Court of New Jersey, Union County – Law Division on March 13, 2017.

All three cases allege the same, single cause of action for purported violations of New Jersey's Wage and Hour Law (N. J. Stat. § 34:11-56a *et seq.*). *Marte Second Am. Compl.*, ¶¶ 35-37; *Fuentes Compl.*, ¶¶ 34-36; *Gonzalez Compl.*, ¶¶ 32-34. On April 13, 2018, the Honorable Kenneth J. Grispin consolidated all three cases before the Honorable Mark P. Ciarrocca under Docket No. UNN-L-962-17 (the "Consolidated Action"). Because "actions that are initiated separately and subsequently

consolidated become a single action," the Consolidated Action should be considered one matter for purposes of determining jurisdiction, including the diversity, the number of class members, and the amount in controversy. *See Amadu v. Bradshaw*, 2016 WL 3676474 (D.N.J. July 11, 2016) (holding two actions that were consolidated in New Jersey state court should be treated as one action for the purposes of assessing jurisdiction on removal); *see also Bridewell-Sledge v. Blue Cross of Cal.*, 798 F.3d 923 (9th Cir. 2015) (holding that two class actions that had been consolidated in state court should be treated as one action for the purposes of determining jurisdiction on removal).

Copies of all pleadings and papers served on MXD in the State Superior Court of which MXD is aware are attached as *Exhibit A*.[1]

**2.   Statutory Grounds for Removal**. This action is removable under 28 U.S.C. § 1453. 28 U.S.C. § 1453 provides for the removal of state court civil actions over which U.S. District Courts have original jurisdiction. As explained in more detail below, this Court has original jurisdiction over this case under 28 U.S.C. § 1332(d)(2) because the Consolidated Action is a class action in which the proposed class includes at least 100 members, the amount in controversy exceeds $5,000,000, exclusive of interest and costs, and at least one Plaintiff and one Defendant are citizens of different states. For these reasons, this action is removable pursuant to

---

[1] All of the Plaintiffs were proposed class members in a previously asserted class action lawsuit filed September 19, 2012, in which class certification on the exact same claim was denied. *Echavarria et al. v. MXD Group, et. al.*, 2016 WL 1047225 (D.N.J. Mar. 16, 2016). Plaintiffs allege "the statute of limitations in this action is being tolled because the putative class members would have been members" of the previously asserted *Echavarria* class action lawsuit. *Marte Sec. Am. Compl.*, ¶ 7 n.1; *Fuentes Compl.*, ¶ 6 n.1; *Gonzalez Compl.*, ¶ 4 n.1.

4

28 U.S.C. § 1453, which provides that a class action may be removed to federal court in accordance with 28 U.S.C. § 1446.

3. **Citizenship of the Parties**. Plaintiffs Marte, Lopez-Vega, Medina-Rivera, Reinoso, Fuentes, Lopez, and Gonzalez allege they are residents of New Jersey. *Marte Second Am. Compl.*, ¶¶ 1-14, 14; *Fuentes Compl.*, ¶¶ 1-2, 13; *Gonzalez Compl.*, ¶¶ 1, 11. Plaintiff Rodas alleges he is a resident of Florida. *Fuentes Compl.*, ¶ 3. Plaintiffs are therefore citizens of New Jersey and Florida respectively.

Defendant MXD is a California corporation with its principal place of business in Ohio. *Hertz Corp. v. Friend*, 130 S.Ct. 1181, 1192 (2010) ("We conclude that 'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities. It is the place that Courts of Appeals have called the corporation's 'nerve center.' And in practice it should normally be the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination"). Plaintiffs allege Defendant Jamie Rackett is a resident of New Jersey. *Marte Second Am. Compl.*, ¶ 10; *Fuentes Compl.*, ¶ 9, *Gonzalez Compl.*, ¶ 7.

Thus, the diversity requirement of 28 U.S.C. § 1332(d)(2)(A) is satisfied because at least one Plaintiff and one Defendant are citizens of different states.

4. **The Aggregate Number of the Proposed Class – 28 U.S.C. § 1332(d)(5)(B).**

Plaintiffs define three proposed classes that consist of "[a]ll individuals that were based out of the William-Sonoma Facility in Monroe Township, New Jersey, that performed truck driving functions from August 2013 to the present for MXD

through RJC" (*Marte Second Am. Compl.*, ¶ 7); "[a]ll individuals that were based out of the William-Sonoma Facility in Monroe Township, New Jersey, that performed truck driving functions from August 2013 to the present for MXD through FGO" (*Fuentes Compl.*, ¶ 6); and "[a]ll individuals that were based out of the William-Sonoma Facility in Monroe Township, New Jersey, that performed truck driving functions from August 2013 to the present for MXD through B&M" (*Gonzalez Compl.*, ¶ 4).

Based on a review of its business records, MXD has determined that the aggregate number of those potentially within Plaintiffs' Proposed Classes is more than the 100 members or greater required by 28 U.S.C. § 1332(d)(5)(B). Specifically, MXD has identified 62 individuals who meet the definition of the *Martes* class; 65 individuals who meet the definition of the *Fuentes* class; and no individuals who meet the definition of the *Gonzalez* class for a total of 127 individuals who fall within Plaintiffs' Proposed Classes.

5. **Amount in Controversy – 28 U.S.C. §§ 1332(d)(2)**. While MXD denies all of Plaintiffs' material allegations, the amount in controversy exceeds the $5,000,000 jurisdictional threshold under 28 U.S.C. § 1332(d)(2).

i. Overtime claim. Plaintiffs contend they and the Proposed Classes "routinely worked far in excess of forty (40) hours per week for Defendants and were not paid 1.5 times their hourly rate when they worked over forty (40) hours per week" in violation of the New Jersey Wage and Hour Law. *Marte Second Am. Compl.*, ¶¶ 24, 36; *Fuentes Compl.*, ¶¶ 23, 35; *Gonzalez Compl.*, ¶ 21, 33.

6

Specifically, discovery has revealed that Plaintiff Marte alleges he worked approximately 660 to 1,738 overtime hours during the relevant time period; Plaintiff Lopez-Vega alleges he worked approximately 2,590 to 3,330 overtime hours during the relevant time period; and Plaintiff Medina-Rivera alleges he worked approximately 2,960 overtime hours during the relevant time period. Plaintiff Reinoso alleges he worked approximately 80 hours per week, for a total of 40 overtime hours a week from April 2011 to fall 2014. He therefore alleges he worked approximately 2,000 overtime hours (assuming 50 weeks worked—i.e., approximately two weeks off for the year he worked from August 2013 to fall 2014— times 40 hours per week).

Plaintiff Fuentes alleges he worked approximately 7,350 to 15,190 overtime hours during the relevant time period. Plaintiff Lopez alleges he worked approximately 8,900 to 9,968 overtime hours during the relevant time period. Plaintiff Rodas alleges he worked approximately 3,700 to 4,144 hours during the relevant time period. Plaintiff Gonzalez has not yet provided any discovery responses from which his overtime hours could be estimated.

Although New Jersey has raised its minimum wage multiple times within the class period, the lowest it has been since 2010 is $7.25 per hour. *See* Wage and Hour Division, *Changes in Basic Minimum Wages in Non-Farm Employment Under State law: Selected Years 1968 to 2013*, UNITED STATES DEPARTMENT OF LABOR (Dec. 2014); http://www.dol.gov/whd/state/stateMinWageHis.htm. Plaintiffs, at minimum, therefore claim they are entitled to at least $10.87 per hour for every overtime hour

7

worked ($7.25 x 1.5). Using their maximum estimated overtime hours (see above), Plaintiffs claim at least the following amount in damages for themselves:

| Plaintiff | Total Overtime Hours | Damages (Total Overtime Hours x $10.87) |
|---|---|---|
| Marte | 1,738 | $18,892.06 |
| Lopez-Vega | 3,330 | $36,197.10 |
| Medina-Rivera | 2,960 | $32,175.20 |
| Reinoso | 2,000 | $21,740.00 |
| Fuentes | 15,190 | $165,115.30 |
| Lopez | 9,968 | $108,352.16 |
| Rodas | 4,144 | $45,045.28 |

On average, Plaintiffs claim they worked 5,619 overtime hours for damages of $61,073.87.

MXD does not have information on hours worked for Plaintiff Gonzalez or members of the Proposed Classes. But based on Plaintiffs' allegations that the Proposed Classes were subject to the same common course of conduct and same harm at all times, an extrapolation of damages based on the Plaintiffs above is appropriate for removal purposes in calculating the amount in controversy. *See, e.g., Napoli v. HSBC Mortgage Services, Inc.*, 2012 WL 3715936, at *2 (D.N.J. Aug. 27, 2012) ("Because Plaintiffs' claims are alleged to be typical of the class, it is reasonable for this Court to simply multiply their purported damages amount by the number of foreclosures alleged in the Complaint"). Based on Plaintiffs allegations, the amount in controversy on this claim is therefore approximately $7,756,381.49 ($61,073.87 in average damages times 127 number of putative class members).

  ii. <u>Attorney Fees</u>. A 30% attorney fee award may also be included in the amount in controversy where a New Jersey state overtime claim is asserted.

8

*Faltaous v. Johnson and Johnson*, 2007 WL 3256833, at *10 (D.N.J. Nov. 5, 2007). Plaintiffs seek reasonable attorney's fees in this case. *Martes Second Am. Compl.*, p. 6-7 (Prayer for Relief); *Fuentes Compl.*, p. 6 (Prayer for Relief); *Gonzalez Coml.*, p. 6 (Prayer for Relief). It is therefore reasonable to assume that Plaintiffs' attorney will seek 30% of any amounts recovered as awardable attorneys' fees. Thus, if Plaintiffs and the Proposed Class are awarded the $7,756,381.49 amount in controversy, the Plaintiffs' attorney is expected to seek at least $2,326,914.45 in attorneys' fees. When this figure is added to the $7,756,381.49, the total amount in controversy is at least **$10,083,295.94.**

### 6. Timeliness of Removal.

Pursuant to 28 U.S.C. § 1446, a Notice of Removal may be filed within 30 days of receiving a copy of the Complaint or, if the case stated by the Complaint is not removable, within 30 days after the receipt of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable. The 30-day removal period is not triggered by a Complaint lacking specific allegations. *Entrekin v. Fishers Scientific Inc.*, 146 F. Supp. 2d 594, 606-07 (D.N.J. 2001) (clock begins running only when the basis for removal is revealed specifically in the initial pleading).

Likewise, the second 30-day removal period only commences when the defendant receives another litigation paper from which it can be ascertained the jurisdictional prerequisites are satisfied. 28 U.S.C. § 1446(b)(3). "As applied to the amount-in-controversy requirement, the clock commences only when the defendant

9

receives a post-complaint pleading or other paper that affirmatively and unambiguously specifies a damages amount sufficient to satisfy the federal jurisdictional minimums." *Walker v. Trailer Transit, Inc.*, 727 F.3d 819, 825 (7th Cir. 2013) (holding "[t]his approach conforms to the standard adopted by our sister circuits.").

Nevertheless, a defendant may remove a case, even if neither 30-day period under § 1446 has commenced, based on the defendant's independent investigation of the amount-in-controversy given the plaintiff's allegations. *See, e.g., Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1125 (9th Cir. 2013) ("[a] CAFA case may be removed at any time, provided that neither of [those] two thirty-day periods under §§ 1446(b)(1) and (b)(3) has been triggered"). Here, the 30-day removal period has not commenced because none of the complaints disclosed the amount-in-controversy on their face and MXD has not yet received a post-complaint pleading or other paper that affirmatively and unambiguously specified a damages amount sufficient to satisfy the federal jurisdictional minimums. Removal is therefore timely.

7.   **Notice of Removal to Adverse Parties and to State Court Clerk**.

Pursuant to 28 U.S.C. § 1446(d), MXD will give written notice of the removal to Plaintiffs and to the Clerk of the State Superior Court. Specifically, promptly after filing this Notice of Removal, MXD shall send a Notice of Removal to Adverse Parties and State Court Clerk, a true and correct copy of which is attached hereto as *Exhibit B*.

8. **No Waiver**. By filing this Notice of Removal, MXD does not waive any defenses available to it.

                Respectfully submitted,

                /s/Peter Berk
                Peter Berk
                Genova Burns LLC
                494 Broad Street
                Newark, NJ 07102
                Tel: (973) 533-0777
                Fax: (973) 533-1112

14334295v1 (21832.005)

## CERTIFICATE OF SERVICE

On May 11, 2018, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, District of New Jersey, using the electronic case filing system of the Court. I hereby certify that I have served the following counsel of record electronically:

Ravi Sattiraju, Esq.
The Sattiraju Law Firm
116 Village Boulevard, Suite 200
Princeton, New Jersey 08540

                                         /s/ Peter Berk
                                         Peter F. Berk

14334295v1 (21832.005)

# Exhibit A